IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00632–EWN–KLM

BARBARA WEBB,

    Plaintiff,

v.

RODNEY JOHNSON,
KIM WILKEN,
DANIEL EDWARDS, and
BONNIE ROESINK,

    Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is a civil rights case. Plaintiff Barbara Webb alleges that Defendants Rodney Johnson, Kim Wilken, Daniel Edwards, and Bonnie Roesink violated her constitutional rights. Plaintiff also asserts a number of state tort claims. This matter is before the court on: (1) "Motion to Dismiss from [sic] Defendants Edwards and Roesink," filed April 11, 2007; and (2) "Defendants Johnson and Wilken's Motion to Dismiss," filed April 18, 2007. Jurisdiction is premised upon 28 U.S.C. §§ 1331, 1367 (2006).

**FACTS**

*1.    Factual Background*

The following factual allegations are presumed true for the purpose of this decision.

Defendants Johnson and Wilken ("Sheriff Defendants") are, respectively, the Sheriff and a Sheriff's investigator in Grand County, Colorado. (Notice of Removal, Attach. A ¶¶ 2–3 [Compl.] [filed Mar. 29, 2007] [hereinafter "Notice of Removal"].)[1]  Defendants Roesink and Edwards ("DA Defendants") are, respectively, the District Attorney and a deputy District Attorney for Colorado's Fourteenth Judicial District, which includes Grand County. (*Id.* ¶¶ 4–5.) Plaintiff is a resident of Grand County. (*Id.* ¶ 1.)

On December 25, 2005, Plaintiff's residence was burglarized, and Sheriff Defendants conducted an investigation. (*Id.* ¶ 7a.) Although Sheriff Defendants determined who committed the burglary, they failed to arrest or charge the perpetrator. (*Id.* ¶ 7c.) Instead, Sheriff Defendants "insisted that reports be altered, because the offending person was a favored member of the community." (*Id.*) Thereafter, the "favored person" called Sheriff Defendants "numerous times and insisted that [Plaintiff] be arrested for something/anything." (*Id.* ¶ 7d.)

On March 2, 2006, after conducting a "reinvestigation" of the burglary, Sheriff Defendants secured a search warrant, seized some of Plaintiff's property, and gave said property to "the boyfriend of the favored person." (*Id.* ¶¶ 7f–7g.) DA Defendants approved of "the delivery of Plaintiff's property and fabricated excuses to cover up" the actions. (*Id.* ¶ 7h.)

On March 2, 2006, "Plaintiff was arrested for theft of her own property, which the favored person falsely (and with knowledge and collusion on the parts of Defendants) claimed belonged to her." (*Id.* ¶ 7j.) Plaintiff is the subject of a pending prosecution for the alleged theft and,

---

[1] For the sake of simplicity, the court hereinafter cites to Plaintiff's complaint as if it were a separately docketed document.

apparently, is the defendant in a state court civil suit brought by the "favored person." (*See* Defs. Johnson and Wilken's Mot. to Dismiss, Ex. A [Mot. to Dismiss Charges], Ex. B [Order Denying Mot. to Dismiss Charges], Ex. D [Civil Compl.] [filed Apr. 18, 2007] [hereinafter "Sheriff Defs.' Br."].)

## 2. *Procedural History*

On February 28, 2007, Plaintiff filed a complaint in the District Court of Grand County, Colorado, alleging Defendants: (1) committed the torts of theft by conversion, defamation, and intentional infliction of emotional distress; and (2) impinged Plaintiff's right to due process as well as her "rights to travel[,] to associate with other persons[,] and to be free of intimidation from [sic] Defendants." (Compl. ¶¶ 8–22.) On March 29, 2007, Defendants removed the action to this court. (Notice of Removal.)

On April 11, 2007, DA Defendants filed their motion to dismiss, asserting that: (1) the Colorado Governmental Immunity Act ("CGIA") bars Plaintiff's tort claims; and (2) Plaintiff's vague and conclusory constitutional counts fail to state a claim. (Mot. to Dismiss from [sic] Defs. Edwards and Roesink [filed Apr. 11, 2007] [hereinafter "DA Defs.' Br."].) On May 1, 2007, Plaintiff filed a response brief. (Pl.'s Resp. to Mot. to Dismiss from [sic] Defs. Edwards and Roesink [filed May 1, 2007] [hereinafter "Pl.'s DA Resp."].) On May 29, 2007, DA Defendants filed a reply brief. (Reply of Defs. Edwards and Roesink Re [sic] Mot. to Dismiss [filed May 29, 2007].)

On April 18, 2007, Sheriff Defendants filed a motion to dismiss, arguing: (1) *Younger* abstention is required in this case; (2) the CGIA strips this court of jurisdiction to hear Plaintiff's

tort claims; (3) no direct cause of action for damages exists for federal constitutional violations; and (4) Plaintiff fails to state any constitutional claims. (Sheriff Defs.' Br.) On May 8, 2007, Plaintiff filed a response brief. (Pl.'s Resp. to Mot. to Dismiss from [sic] Defs. Johnson and Wilken [filed May 8, 2007] [hereinafter "Pl.'s Sheriff Resp."].) On May 29, 2007, Sheriff Defendants filed a reply brief. (Defs. Johnson and Wilken's Reply in Supp. of Mot. to Dismiss [filed May 29, 2007].) This matter is fully briefed.

## ANALYSIS

### *1.    Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Prior to the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), dismissal of a complaint was appropriate only when it appeared the plaintiff could prove no set of facts in support of the claims that would entitle him to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). In *Bell Atlantic*, the Supreme Court articulated a new "plausibility" standard, under which a complaint

must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

### 2.     *Evaluation of Claims*

#### a.     **Younger** *Abstention*

Sheriff Defendants assert that "[d]iscovery and a determination of Plaintiff's claims in this action could interfere with" Plaintiff's ongoing criminal and civil cases. (Sheriff Defs.' Br. at 5–10.)  Thus, argue Sheriff Defendants, abstention is required under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.  (*Id.*)  Plaintiff fails to engage the argument substantively.  (*See* Pl.'s Sheriff Resp.)

As Sheriff Defendants' own citations ought to have made apparent to anyone with even the most rudimentary legal training, this case does not call for *Younger* abstention.  This is a suit for *damages*.  (*See* Compl. ¶¶ 8–22.)  *Younger*, however, only requires federal courts to avoid "interfere[nce] with state court proceedings by granting *equitable relief* . . . when a state forum provides an adequate avenue for relief." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (emphasis added).  The court is disheartened by Sheriff Defendants' singularly untenable argument.[2]

---

[2] Sheriff Defendants' *Younger* argument becomes even more difficult to countenance when one recalls that Sheriff Defendants *removed the action to this court*. (*See* Notice of Removal.) The court also notes that such removal was procedurally defective, since DA Defendants did not join therein. *See Glendening ex rel. Carpenter v. Genuine Parts Co.*, 960 F. Supp. 243, 244 (D. Colo. 1997) (stating the removal statute requires all served defendants to join or consent to the removal petition); *but see* 42 U.S.C. § 1447 (2006) (stating that motion to remand based on procedural defect must be made within thirty days of removal).

### b.     *Constitutional Claims*

In its entirety, Plaintiff's second claim for relief, titled "Loss of Plaintiff's Property Stolen by Burglars," states:

> Plaintiff has a constitutional right to equal protection under the law; and Defendants have failed to provide her with equal protection. Defendants' failure to investigate the theft of Plaintiff's property has contributed to the permanent loss of her jewelry and money stolen from her residence. The value of Plaintiff's stolen property is approximately $15,300.

(Compl. ¶¶ 10–12.)  In its entirety, Plaintiff's third claim for relief, titled "Loss of Freedom Caused by Incarceration and Arrest," states:

> Plaintiff's lawful [sic] and constitutional rights to travel and to associate with other persons and to be free of intimidation from [sic] Defendants have been infringed upon because of her incarceration and arrest. Plaintiff has suffered damage as a result amounting to not less than $10,000.

(*Id.* ¶¶ 13–14.)

"[D]irect actions under the Constitution against state officials are not appropriate." *Bauchman By & Through Bauchman v. W. High Sch.*, 900 F. Supp. 254, 263 (D. Utah 1995). "Congress intended [42 U.S.C. §] 1983 to be the exclusive federal remedy for the unconstitutional actions of city officials." *Strauss v. City of Chicago*, 614 F. Supp. 9, 10 (N.D. Ill. 1984); *accord Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Robinson v. Bd. of Regents*, 390 F Supp. 2d 1011, 1017 (D. Colo. 2005).

Nothing in Plaintiff's complaint suggests that she has brought her claims under section 1983.  (*See* Compl.)  Sheriff Defendants put Plaintiff on notice of this defect in their motion to dismiss, arguing that "there is no direct cause of action for damages under the United States

Constitution." (Sheriff Defs.' Br. at 11.) This argument fell upon deaf ears — Plaintiff never asked this court for leave to amend her defective complaint to assert her constitutional claims under section 1983. (*See* Pls.' Sheriff Resp.; Pls.' DA Resp.) Plaintiff's second and third claims for relief fail to state a claim and, thus, must be dismissed.

### c.  *State Tort Claims*

The dismissal of the constitutional claims leaves no pending claim over which this court has original jurisdiction. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a super-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (citations omitted); 28 U.S.C. § 1367(c)(3) (2006) (stating a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction"). Comity requires this court to defer to the state courts to resolve Plaintiff's state law claims. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claims asserted against Defendants.

### 3.  Conclusion

Based on the foregoing it is therefore ORDERED that:

1. DA DEFENDANTS' motion (#11) is GRANTED in part and DENIED in part.

2. SHERIFF DEFENDANTS' motion (#12) is GRANTED in part and DENIED in part.

3. The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing Plaintiff's second and third claims for relief with prejudice.

The judgment shall dismiss Plaintiff's first, fourth, and fifth claims for relief without prejudice, in order to allow for refiling in state court.

Dated this 9th day of October, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States Chief District Judge